

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22724068**
**Date Processed: 02/08/2021**

**Primary Contact:**
Cynthia Jones
Compass Group North America
2400 Yorkmont Rd
Charlotte, NC 28217-4511

| | |
|---|---|
| **Entity:** | Compass Group USA, Inc.<br>Entity ID Number 3289259 |
| **Entity Served:** | Compass Group USA, Inc. |
| **Title of Action:** | Wilnord Germain vs. Compass Group USA, Inc. |
| **Matter Name/ID:** | Wilnord Germain vs. Compass Group USA, Inc. (10933193) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Collier County Circuit Court, FL |
| **Case/Reference No:** | 11-2021-CA-000261-0001-XX |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 02/08/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Jason S. Remer<br>305-416-5000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Exhibit A

Filing # 120436215 E-Filed 01/28/2021 03:55:48 PM

IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA.

Case No._____

WILNORD GERMAIN and other similarly
situated employees,

      Plaintiff,

v.

COMPASS GROUP USA, INC.
A Foreign Profit Corporation, FLIK
INTERNATIONAL CORP., A Foreign Profit
Corporation, and ADRIAN L.
MEREDITH, Individually,

      Defendant.

_____/

CERTIFIED PROCESS SERVER # 067
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 2.8.21  TIME 9:40 A

### SUMMONS IN A CIVIL CASE

**TO:** COMPASS GROUP USA, INC., through its Registered Agent:
           Corporation Service Company
           1201 Hays Street
           Tallahassee, Florida 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:
           JASON S. REMER, ESQUIRE
           REMER & GEORGES-PIERRE, PLLC.
           44 WEST FLAGLER STREET
           SUITE 2200
           MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

Crystal K Kinzel           Jan 29 2021
_____   _____
CLERK                   DATE

_____
(BY) DEPUTY CLERK

Exhibit A

IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA.

Case No._____

WILNORD GERMAIN and other similarly
situated employees,

       Plaintiff,

v.

COMPASS GROUP USA, INC.
A Foreign Profit Corporation, FLIK
INTERNATIONAL CORP., A Foreign Profit
Corporation, and ADRIAN L.
MEREDITH, Individually,

       Defendant.

_____/

## COMPLAINT

       COMES NOW Plaintiff, WILNORD GERMAIN ("Plaintiff"), on behalf of himself and

other employees and former employees similarly situated, by and through the undersigned

counsel, hereby sues Defendants, COMPASS GROUP USA, INC. ("Compass"), FLIK

INTERNATIONAL CORP. ("Flik"), and ADRIAN L. MEREDITH ("Meredith")(collectively

"Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

       1.  This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys'

fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.,

hereinafter called the "FLSA") to recover unpaid overtime wage compensation, an additional

equal amount as liquidated damages, and reasonable attorneys' fees and costs and for damages

for retaliatory discharge in violation of 29 U.S.C. § 215(a)(3), for discriminatory treatment and

retaliation under the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA") and the Americans with Disabilities Act of 1990 42 U.S.C. § 12111, *et seq.* ("ADA") and for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

2.   This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b), the FCRA and ADA.

3.   Plaintiff was at all times relevant to this action, and continues to be, a resident of Collier County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the FLSA, FCRA and ADA.

4.   Plaintiff was employed by Defendants, having a place of business in Collier County, Florida, where Plaintiff worked for Defendants, and at all times material hereto was and is engaged in interstate commerce.

5.   Venue is proper in Collier County, Florida because all of the actions that form the basis of this Complaint occurred within Collier County, Florida and payment was due in Collier County, Florida.

6.   Defendant Meredith, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants Compass and Flik.

7.   Defendants were "persons" and/or "employers" pursuant to Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

Exhibit A

8.  At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

9.  Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

10. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed with Defendants as a non-exempt cook from on or about March 1, 2018 to on or about April 8, 2019.

13. Plaintiff, at all material times, worked for Defendants in a non-exempt capacity.

14. From approximately March 1, 2018 through April 8, 2019, Plaintiff was paid approximately $1,038.45 per week for all hours worked.

15. During this period, Plaintiff worked approximately seventy-three (73) hours per week of which approximately thirty-three (33) hours per week were unpaid overtime hours.

16. Plaintiff now seeks proper payment of his overtime hours over the course of his employment with Defendants.

17. Defendants failed to record or otherwise maintain adequate records as to Plaintiff's work hours.

Exhibit A

18. The above payments from Defendants to Plaintiff failed to adequately compensate Plaintiff at the proper, statutory wages set by the Fair Labor Standards Act.

19. Plaintiff is an individual with a disability due to an injury received to his right hand on or about March 16, 2019, when Plaintiff was working through orders to cook and he sliced his middle finger on the rod paper holder, and thus, falls within the class of individuals protected by the FCRA and ADA.

20. Plaintiff's condition has caused him to be limited in his mobility, which limits Plaintiff in one or more major life activities.

21. In the beginning of Plaintiff's employment, Plaintiff worked with Defendants and experienced no issues as it related to his job performance.

22. Upon Plaintiff's injury he requested medical care and accommodations of light duty to his head chef, Michael and manager, Johnathan Philips. Plaintiff was ignored and workers' compensation care was not provided nor was light duty work as requested by Plaintiff.

23. Plaintiff complained continuously to his supervisors, advising that his hand felt weak and requested accommodations of light duty and medical care for his injury.

24. Both head chef, Michael, and manager, Johnathan, advised Plaintiff that he had to continue with his regular duties as assigned to a cook.

25. Defendants' lack of accommodations or provision of medical made Plaintiff's work unbearable due to the pain in Plaintiff's hand caused by the work injury.

26. On or about April 8, 2019, Plaintiff was left with no other recourse but to face a constructive discharge of his employment with Defendant.

27. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of his job duties and responsibilities; and at all relevant times Plaintiff did perform his job at satisfactory or above satisfactory levels.

28. Based on the above time line, there exists a causal connection between Plaintiff's Complaints, request for accommodations and workers' compensation benefits and his termination.

29. Plaintiff's employment ended due to the above and not for any other reason.

### COUNT I
### *Federal Wage & Hour Federal Statutory Violation Against*
### *Compass*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

31. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant COMPASS unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

32. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

34. At all times pertinent to this Complaint, Defendant COMPASS operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported

Exhibit A

from across state lines of other states, and the Defendant COMPASS obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

35. Upon information and belief, the annual gross revenue of the Defendant COMPASS was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

36. By reason of the foregoing, the Defendant COMPASS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Plaintiff's work for the Defendant COMPASS likewise affects interstate commerce.

37. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

38. Defendant COMPASS knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid overtime wages since the commencement of Plaintiff's employment with Defendant COMPASS as set forth above. As such, Plaintiff is entitled to recover double damages.

39. Defendant COMPASS never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime wage payments.

Exhibit A

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant COMPASS:

    A. Adjudge and decree that Defendant COMPASS has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid \overtime compensation related to hours worked in excess of forty (40) weekly, with interest;

    C. Award Plaintiff an equal amount in double damages/liquidated damages;

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

    F. Grant Plaintiff trial by jury.

## COUNT II
### *Federal Wage & Hour Federal Statutory Violation Against FLIK*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

41. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant FLIK unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

42. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

Exhibit A

43. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

44. At all times pertinent to this Complaint, Defendant FLIK operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant FLIK obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

45. Upon information and belief, the annual gross revenue of the Defendant FLIK was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

46. By reason of the foregoing, the Defendant FLIK is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Plaintiff's work for the Defendant FLIK likewise affects interstate commerce.

47. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

48. Defendant FLIK knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid overtime wages since the commencement of Plaintiff's employment with Defendant FLIK as set forth above. As such, Plaintiff is entitled to recover double damages.

Exhibit A

49. Defendant FLIK never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant FLIK:

G. Adjudge and decree that Defendant FLIK has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

H. Award Plaintiff actual damages in the amount shown to be due for unpaid \overtime compensation related to hours worked in excess of forty (40) weekly, with interest;

I. Award Plaintiff an equal amount in double damages/liquidated damages;

J. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

K. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

L. Grant Plaintiff trial by jury.


## COUNT III
### Federal Wage & Hour Federal Statutory Violation Against MEREDITH

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

51. At the times mentioned, Defendant MEREDITH was, and is now, a corporate officer of corporate Defendant COMPASS and FLIK.

52. Defendant MEREDITH was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Defendant MEREDITH acted directly in the interests of the corporate Defendant-employer in relation to the employees of the corporate Defendant-employer, including Plaintiff.

Exhibit A

53. The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"[1]

54. Based on this broad definition, Defendant MEREDITH, in his status as a corporate officer with operational control of a Defendant-corporation's covered enterprise is an employer along with the Defendant-corporation, jointly and severally liable under the FLSA for unpaid wages."[2]

55. Defendant MEREDITH, through his control, willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these wages.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant MEREDITH:

a. Adjudge and decree that Defendant MEREDITH has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Adjudge and decree that Defendant MEREDITH is an individual with operational control and is, thus, jointly and severally liable under the FLSA for unpaid overtime wages at issue;

c. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages, with interest;

d. Award Plaintiff an equal amount in double damages/liquidated damages;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

---

[1] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)

Exhibit A

g.  Grant Plaintiff a Trial by Jury.

## COUNT IV
### *Disability Discrimination in Violation of the FCRA Against COMPASS*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

57. Plaintiff has a physical disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

58. Plaintiff was regarded as having a disability by Defendant and Defendant's agents.

59. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

60. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

61. Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

62. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

63. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

64. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

Exhibit A

65. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

66. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

67. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

68. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant COMPASS:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the

unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Disability Discrimination in Violation of the FCRA Against FLIK*

70. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

71. Plaintiff has a physical disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

72. Plaintiff was regarded as having a disability by Defendant and Defendant's agents.

73. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

74. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

75. Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

Exhibit A

76. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

77. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

78. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

79. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

80. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

81. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

82. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it,

and others, from such action in the future.

83. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant FLIK:

    g. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    h. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    i. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    j. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    k. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### Retaliation in Violation of the FCRA Against Compass

84. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

Exhibit A

85. Defendant is an employer as that term is used under the applicable statutes referenced above.

86. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

87. The foregoing unlawful actions by Defendant were purposeful.

88. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and he was the victim of retaliation thereafter, as related in part above.

89. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

90. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

91. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d.  Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

e.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

f.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

g.  For a money judgment representing prejudgment interest;

h.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

i.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

j.  Grant PLAINTIFF a trial by jury; and

k.  Grant such other and further relief as the Court deems just and proper.

## COUNT VII
### *Retaliation in Violation of the FCRA Against FLIK*

92. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

93. Defendant is an employer as that term is used under the applicable statutes referenced above.

Exhibit A

94. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

95. The foregoing unlawful actions by Defendant were purposeful.

96. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and he was the victim of retaliation thereafter, as related in part above.

97. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

98. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

99. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

l. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

m. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

n.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

o.  Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

p.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

q.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

r.  For a money judgment representing prejudgment interest;

s.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

t.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

u.  Grant PLAINTIFF a trial by jury; and

v.  Grant such other and further relief as the Court deems just and proper.

### COUNT VIII
### *Disability Discrimination in Violation of the ADA Against Compass*

100.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

101.   Plaintiff is a member of a protected class under the ADA.

102.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

Exhibit A

103.    Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

104.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

105.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

106.    Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

107.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

108.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

109.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and

punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

110.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

   a.   Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IX
#### *Disability Discrimination in Violation of the ADA Against FFLIK*

111.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

Exhibit A

112.     Plaintiff is a member of a protected class under the ADA.

113.     By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

114.     Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

115.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

116.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

117.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

118.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

119.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to

Exhibit A

prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

120.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

121.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

g.  Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT X**
*Retaliation in Violation of the ADA Against Compass*

122.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

123.   Plaintiff is a member of a protected class under the ADA.

124.   By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

125.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age, sex, national origin and/or disability was unlawful but acted in reckless disregard of the law.

126.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

127.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

128.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its

Exhibit A

actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    c.  Require Defendant to place  Plaintiff to the position of full time Patrol Officer at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

    d.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XI
### *Retaliation in Violation of the ADA Against FLIK*

129.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

130.    Plaintiff is a member of a protected class under the ADA.

131.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

132.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that

Exhibit A

discrimination on the basis of Plaintiff's age, sex, national origin and/or disability was unlawful but acted in reckless disregard of the law.

133.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

134.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

135.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   e.  Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   f.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   g.  Require Defendant to place Plaintiff to the position of full time Patrol Officer at the

Exhibit A

rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

h.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII
### *Retaliation under Fla. Stat. § 440.205 Against Compass*

95. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

96. Plaintiff's work-related injury required medical treatment.

97. Plaintiff reported his injuries to Defendant through its agent.

98. Thereafter, Defendant discharged Plaintiff and did not allow him to re-commence work for the Defendant.

99. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

100.    The motivating factor which caused Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.  In other words, the Plaintiff would not have been fired but for claiming worker's compensation benefits.

101.    Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

Exhibit A

102.     By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

103.     Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

## COUNT XIII
### *Retaliation under Fla. Stat. § 440.205 Against FLIK*

95. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

96. Plaintiff's work-related injury required medical treatment.

97. Plaintiff reported his injuries to Defendant through its agent.

98. Thereafter, Defendant discharged Plaintiff and did not allow him to re-commence work for the Defendant.

99. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

100.     The motivating factor which caused Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§

Exhibit A

440 et. seq. In other words, the Plaintiff would not have been fired but for claiming worker's compensation benefits.

101.     Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

102.     By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

103.     Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 28, 2021                    Respectfully submitted,

                                           s// Jason S. Remer
                                           **Jason S. Remer, Esq.**
                                           Florida Bar No.: 165580
                                           jremer@rgpattorneys.com

Exhibit A

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Exhibit A