UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILNORD GERMAIN, and other
similarly situated employees,

    Plaintiff,

v.                                            Case No: 2:21-cv-149-JLB-MRM

COMPASS GROUP USA, INC., a foreign
profit corporation, and FLIK
INTERNATIONAL CORPORATION, a
foreign profit corporation,

    Defendants.
_____

## ORDER

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed on March 15, 2021. (Doc. 11.) Defendants Compass Group, USA ("Compass") and Flik International Corporation ("Flik") argue that Counts III and IV of the Amended Complaint—alleging claims for retaliation under Fla. Stat. § 440.205 against Compass and Flik, separately—should be dismissed.[1] The legal basis for Defendants' motion is that Plaintiff purportedly fails to adequately plead the required element for his retaliation claim of an adverse employment action. See Hornfischer v. Mantee Cnty. Sheriff's Office, 136 So. 3d 703, 706 (Fla. 2d DCA 2014).[2]

---

[1] Defendants do not move to dismiss Counts I or II, which allege separate federal wage and hour claim against Compass and Flik.

[2] Defendants suggest other possible deficiencies in Plaintiff's allegations, but fail to make any legal argument with respect to those other allegations.

DISCUSSION

Plaintiff alleges that he was jointly employed by both Defendants, and that his employment was terminated on or about April 8, 2019. (Doc. 9 ¶¶ 3–4, 9, 11.) Termination constitutes an adverse employment action under Fla. Stat. § 440.205. See Coker v. Morris, No. 3:07CV151/MCR/MD, 2008 WL 2856699, at *5 (N.D. Fla. July 22, 2008) ("Coker has established that she . . . was subjected to an adverse job action when her employment was terminated."). Contrary to Defendants' assertion, the allegation that Plaintiff was discharged from his employment is not conclusory, and satisfies the requirement for pleading an adverse employment action.

Defendants' argument that Plaintiff fails to allege an adverse employment action appears to be based on the fact that the Amended Complaint does not clearly specify whether Plaintiff's theory is that he was fired or that he was constructively discharged. (Compare Doc. 9 ¶¶ 22–23 with id. ¶¶ 98–102.) But the inclusion of contradictory theories in the complaint is not improper as Plaintiff is permitted under the federal rules to plead an actual and a constructive discharge in the alternative. See Fed. R. Civ. P. 8(d)(2), (3); see, e.g., Luna v. Walgreen Co., 575 F. Supp. 2d 1326 (S.D. Fla. 2008), aff'd, 347 F. App'x 469 (11th Cir. 2009). Defendants have fair notice of Plaintiff's alternative legal theories.

Defendants also argue the Amended Complaint fails to give them notice of the factual basis for Plaintiff's constructive discharge theory. Defendants argue that Plaintiff's allegations are inadequate because they do not plausibly suggest

objectively intolerable working conditions. The Court does not agree. Defendants cite one case—a non-precedential decision of the Eleventh Circuit, Moore v. San Carlos Park Fire Prot. & Rescue, 808 F. App'x 789, 798 (11th Cir. 2020). Moore affirmed the district court's dismissal of a claim for constructive discharge for failure to plead a sufficient factual basis. But the allegations there related to a twenty-year employment, and included references to many different but mostly vague and seemingly unrelated conduct that allegedly gave rise to the constructive discharge claim. See id. at 791–93, 798. Here, Plaintiff alleges a one-year employment period and a single course of conduct giving rise to his constructive discharge claim. He alleges he was injured and that he requested accommodation for his injury through light duty and worker compensation benefits through which he might have received medical care. (Doc. 9 ¶¶ 19–22.) These allegations plausibly give rise to a claim that Plaintiff's "working conditions were so intolerable that a reasonable person in [his] position would have been compelled to resign." Moore, 808 F. App'x at 798 (internal quotation marks and citations omitted).

Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint, **Doc. 11** is **DENIED**.

**ORDERED** at Fort Myers, Florida, on April 28, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE