UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS

WILNORD GERMAIN and other similarly
situated employees,

        CASE NO.: 2:21-cv-00149-JLB-MRM

    Plaintiff,

v.

COMPASS GROUP USA, INC. a foreign
profit corporation and FLIK INTERNATIONAL
CORP., a foreign profit corporation,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Wilford Germain ("Germain") and Defendants Compass Group USA, Inc. and Flik International Corp. ("Defendants"), in connection with the parties' global settlement in this case, hereby jointly request that this Court approve their settlement and dismiss this matter with prejudice and state as follows:

    1.    On March 2, 2021, Germain filed his Amended Complaint alleging overtime violations under the FLSA and retaliation under Florida Statute §440.205.

    2.    Germain, who was a sous chef, alleged that he was misclassified as an exempt employee and therefore entitled to overtime. Because he was classified as an exempt employee, neither party had records of the exact hours worked by him,

although it was undisputed that Germain worked a second full time job during the relevant time period.

3. Germain also alleged that he was terminated as result of filing a worker's compensation claim related to a cut he suffered on one of his fingers, and sought substantial back pay damages related to this claim.

4. The parties have exchanged information and documents regarding Germain's employment, job duties and responsibilities, after which they worked together to negotiate a resolution of his disputed FLSA claims, as well as his other claims.

5. The parties resolved the FLSA claims with Defendants agreeing to pay $2,400.00 to Germain as resolution of his FLSA claims, $2,400.00 to Germain as resolution of his FLSA liquidated damages claim, and $3,200.00 for his attorneys' fees and costs related to the FLSA claims. Separately, the parties negotiated a separate payment in exchange for a release of his retaliation claims, a general release, and confidentiality and a separate payment for fees related to those claims. A Copy of the Settlement Agreement, which contains a detailed breakdown of the monetary terms in paragraph 4, is attached as Exhibit A.

6. Importantly, the overtime claim was disputed. Significantly, Defendants believe that Germain was properly classified and properly paid for all of the time he worked. Germain, on the other hand, contended that he was

misclassified and therefore was not paid for all time worked. Therefore, in order to avoid the cost and expense of litigation and the inherent risks therein, the parties agreed to resolve Germain's FLSA claims for $2,400.00 in damages and an equal amount in liquidated damages. The parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing was taken into account in Settlement Agreement.

7. As the Court is aware, this matter involved other claims in addition to the FLSA claims. Those claims were resolved for an additional monetary consideration to Germain and non-cash concessions, including a global general release, non-disparagement, a no re-hire provision, a neutral reference provision and a confidentiality provision. The monetary consideration paid to Germain is substantial and more than adequate to compensate him for his agreement to those terms. It is the understanding of the undersigned that Germain's worker's compensation claim is also in the process of being resolved for separate consideration and will be submitted to the judge of compensation claims for approval. There are no other agreement between or among the parties.

8. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. Lynn's Food

Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

7. Pursuant to Lynn's Food, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute."  Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  Id. at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:

      (5)    the range of possible recovery; and

      (6)    the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  Hamilton, 2007 U.S. Dist. LEXIS at * 2-3.

    8.    At all times material hereto, Germain and Defendants have been represented by counsel very experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations.  Furthermore, as discussed above, this case was not resolved until all relevant information was exchanged between the parties.  The parties therefore respectfully submit that the Agreement they have entered into is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements of Lynn's Food, as all of the relevant criteria support approval of the ultimate settlement in this matter.

    9.    Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Germain or Defendants with respect to the settlement ultimately agreed upon.  Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair.  See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-

22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Germain, as well as the separate amount to be paid to his counsel, the parties believe it is transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

10. Further, the attorneys' fees and costs agreed upon to be paid by Defendants under the parties' settlement were never (and are not) a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Germain and the amount of attorneys' fees and costs being paid by Defendants on Germain's behalf. See 29 U.S.C. §216(b); Kreager v. Solomon & Flanagan, P. A., 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Germain's attorneys' fees and costs in this case are separate and apart from the amounts to be paid to Germain under the settlement, and the amounts being paid to Germain under the parties' settlement were negotiated based upon the value of the claims asserted, including the separate negotiation of fees related to

the overtime wages claimed by Germain.  As the Middle District of Florida explained in Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.  However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach."  2009 U.S. Dist. LEXIS 68075 at *15-16.  Here, Defendants have agreed to pay a total of $3,200.00 to resolve Germain's claims for attorneys' fees related to the FLSA claim, and separately negotiated attorneys' fees and costs related to Germain's other claims.  Defendants agree and acknowledge that the sums to be paid by Defendants under the Settlement Agreement for Germain's attorney's fees and costs are reasonable based upon the circumstances herein, and Germain will not owe his attorney any money following the receipt of the settlement funds. The attorneys' fees agreed to by the parties of $3,200 for the FLSA claim do not exceed the amount of hours Plaintiff's counsel worked in the case.  Attorney Daniel Hunt and attorney Jason Remer worked on the case.  Mr. Hunt's hourly rate is $350 and

7

he worked on the case over 15 hours.  Jason Remer's hourly rate is $400 and he worked on the case over 5 hours.  The total potential attorneys' fees exceed $7,250 and are less than the requested fee of $3,200 for the FLSA claim.  Plaintiff's counsel certifies the total amount of hours of 20 hours in this matter.

11.    Finally, the parties jointly advise the Court that their settlement herein, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the parties' settlement and release of Germain's claims.

12.    Based upon the foregoing, the parties jointly believe the settlement terms are fair, reasonable and adequate. Accordingly, the parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

WHEREFORE, all parties respectfully request the Court issue an Order: (1) approving the parties' settlement; and (2) dismissing this action with prejudice.

Dated: May 24, 2021 Respectfully submitted,

By: */s/Jason S. Remer*            By: */s/Steven A. Siegel*
    Jason S. Remer                                  Steven A. Siegel
    Fla. Bar No. 165580                      Fla. Bar No. 497274
    jremer@rgpattorneys.com           ssiegel@fisherphillips.com
    Remer & Georges-Pierre, PLLC     Ilanit S. Fischler
    44 West Flagler Street                 Fla. Bar No. 106691
    Suite 2200                                   ifischler@fisherphillips.com
    Miami, Florida 33130                 Fisher & Phillips LLP
    Telephone (305) 416-5000          450 East Las Olas Boulevard
                                                       Suite 800
    *Attorneys for Plaintiff*                Fort Lauderdale, Florida 33301
                                                       Telephone (954) 525-4800

                                                       *Attorneys for Defendants*