UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILNORD GERMAIN, and other similarly
situated employees,

      Plaintiff,

v.                                    Case No: 2:21-cv-149-JLB-MRM

COMPASS GROUP USA, INC. and FLIK
INTERNATIONAL CORP.,

      Defendants.

## ORDER

The parties move for Court approval of their Fair Labor Standards Act ("FLSA") Settlement Agreement. (Docs. 29, 31-1.)[1] After careful review of the parties' Joint Motion, the record, and the applicable legal standards, the Court finds that the Settlement Agreement is a "fair and reasonable resolution of a bona fide dispute." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

## DISCUSSION

**I. Monetary Terms**

The Amended Complaint alleges overtime violations under the FLSA and retaliation under Florida Statute § 440.205. (Doc. 9.) Under the Settlement Agreement, Plaintiff will receive: (a) $2,400 for his unpaid overtime claims;

---

[1] The original Settlement Agreement was missing a page, but the parties subsequently filed a complete Agreement. (Compare Doc. 29-1 with Doc. 31-1.)

(b) $2,400 in liquidated damages; (c) $3,865 in alleged back wages for his retaliation claims; and (d) $3,865 for compensatory damages and certain concessions in favor of Defendants.  (Doc. 31-1 at ¶¶ 4(a), (b), (d), (e).)  Plaintiff's counsel will receive $3,200 for their work on Plaintiff's FLSA claims and $6,770 for their work on his retaliation claims.  (Doc. 29 at ¶ 10; Doc. 31-1 at ¶¶ 4(c), (f).)

Plaintiff was a sous chef who believes Defendants misclassified him as an exempt employee.  Defendants maintain that he was correctly exempt from overtime under the FLSA.  Neither party has records of Plaintiff's exact hours worked because of his classification.  (Doc. 29 at ¶ 2.)  Nevertheless, the parties exchanged discovery on this issue before negotiating.  Considering that an actual controversy exists over Plaintiff's exempt classification and the inherent risks present in (and costs associated with) protracted litigation, the parties believe $2,400 in actual and liquidated damages is an appropriate resolution of Plaintiff's FLSA claims.  (Id. at ¶ 6.)

The Court agrees.  Given the uncertainty surrounding Plaintiff's status and hours worked, along with the parties' mutual desire to avoid further expenses in litigating that uncertainty, the Court finds that the resolution of Plaintiff's FLSA claims—although compromised—is fair and reasonable.  The parties also explain that attorneys' fees and costs did not compromise Plaintiff's FLSA recovery because the parties negotiated those fees and costs separate from the amount owed to Plaintiff for his FLSA claims.  (Id. at ¶ 10.)  In sum, the Court finds that the Settlement Agreement's monetary terms are fair and reasonable.

II.  **Nonmonetary Terms**

As the parties acknowledge, the Settlement Agreement contains: (1) a pervasive general release in favor of Defendants; (2) a "no re-employment" provision; (3) a confidentiality provision; and (4) a non-disparagement and neutral reference provision.  (Doc. 31-1 at ¶¶ 5, 8, 11, 12.)

Courts reviewing FLSA settlement agreements generally disfavor such concessions because of the fundamental impediment they introduce to the fairness determination.  See, e.g., Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1350–52 (M.D. Fla. 2010).  Nevertheless, "jurists in this District have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties." Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs, 379 F. Supp. 3d 1244, 1250 (M.D. Fla. 2019) (citing cases approving non-cash concessions).

First, and most importantly, Plaintiff is receiving additional consideration ($3,865) that is distinct from what he is owed for his FLSA claims in exchange for the above concessions.  Second, this case—along with the Settlement Agreement containing the confidentiality provision—is a matter of public record, no part of which the parties filed under seal.  So while some courts express concern over confidentiality provisions frustrating the FLSA's public purpose, see, e.g., Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242–43 (M.D. Fla. 2010), that concern is largely moot considering the Settlement Agreement's public nature.  Carrasquillo v. Millennium Lawn & Landscape, Inc., No. 8:19-cv-526-T-36CPT, 2019 WL 3490067,

at *3–4 (M.D. Fla. July 25, 2019) (collecting cases and finding confidentiality provision did not negate the fairness or reasonableness of the parties' FLSA settlement agreement because it was a matter of public record), adopted, 2019 WL 3457806 (M.D. Fla. July 31, 2019). The Court thus finds that the Settlement Agreement's nonmonetary terms are fair and reasonable.

Accordingly, it is **ORDERED**:

1. The parties' Joint Motion to Approve FLSA Settlement and Joint Stipulation of Dismissal with Prejudice (Doc. 29) is **GRANTED**.

2. The parties' FLSA Settlement Agreement (Doc. 31-1) is a fair and reasonable resolution of a bona fide dispute.

3. This case is **DISMISSED WITH PREJUDICE**.

4. The Clerk is **DIRECTED** to terminate any pending deadlines and motions and close the file.

**ORDERED** at Fort Myers, Florida, on June 10, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE